IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>MOTOROLA MOBILITY LLC,<br><br>   Defendant. | Case No. 6:12-cv-887<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Defendant Motorola Mobility LLC ("Motorola"):

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Motorola because Motorola has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District

where Motorola has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6. EMG is informed and believes, and on that basis alleges, that Motorola is a limited liability company organized under the laws of the Delaware, with its principal place of business at 600 N. US Highway 45, Libertyville, Illinois, United States. EMG is further informed and believes, and on that basis alleges, that Motorola is in the business of designing, manufacturing, marketing and selling consumer electronic products and technology, including mobile devices that allow for navigating the world wide web (*e.g.*, smartphones designated as "Droid Razr," "Droid Razr M," "Droid Razr HD," and "Droid Razr Maxx"), and that a significant portion of its revenue derives from the sale of such mobile devices. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Motorola has done and continues to do business in this judicial district.

## PATENTS

7. United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008. A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and

interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement.  The '196 Patent is valid and in force.

8. Following a reexamination of Patent No. 7,441,196, the United States Patent and Trademark Office issued an Inter Partes Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011.  A true and correct copy of Inter Partes Reexamination Certificate, Number US 7,441,196 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference. (United States Patent No. 7,441,196, together with *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1, shall hereinafter be referred to as the "'196 Patent.").

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

9. EMG refers to and incorporates herein by reference paragraphs 1-8.

10. Motorola, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

11. By way of a non-limiting example of Motorola's infringement, Motorola's Droid Razr HD mobile phone directly infringes EMG's '196 Patent by displaying mobile webpages on a simplified navigation interface, permitting the user to navigate a touch screen with unique inputs and manipulate the screen for zooming and scrolling.  By way of a non-limiting example, Motorola indirectly infringes by inducing or contributing to the infringement of EMG's '196 Patent by providing the Droid Razr HD mobile phone for displaying mobile webpages on a simplified navigation interface, permitting a user to navigate a touch screen with unique inputs

and manipulate the screen for zooming and scrolling. On information and belief, additional Motorola mobile devices directly and indirectly infringe the '196 patent because they contain the same functionality as Motorola's Droid Razr HD to practice one or more claims of the '196 Patent, including but not limited to, Motorola smartphones designated as Droid Razr, Droid Razr Maxx, Droid Razr Maxx HD, Droid Razr M, Droid 2 Global, Droid Pro, Milestone X, Motorola Photon Q 4G LTE, Photon 4G, Motorola Atrix HD, Atrix 4G, Motorola Electrify, Motorola Electrify 2, Motorola Defy XT, Droid 4, Atrix 2, Motorola Admiral, XPRT, Motorola i867, Titanium, and Triumph and tablets designated as Motorola Xyboard 8.2, Droid Xyboard 8.2, Motorola Xyboard 10.1, Droid Xyboard 10.1, and Motorola XOOM.

12. By reason of the acts of Motorola alleged herein, EMG has suffered damage in an amount to be proved at trial.

13. Motorola threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

14. EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A. For an order finding that the '196 Patent is valid and enforceable;

B. For an order finding that Motorola has infringed the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

  C. For an order temporarily, preliminarily and permanently enjoining Motorola, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

  D. For an order directing Motorola to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

  E. For an order awarding EMG general and/or specific damages adequate to compensate EMG for the infringement by Motorola, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Motorola from its acts of patent infringement;

  F. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

  G. For an order requiring an accounting of the damages to which EMG is found to be entitled;

  H. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

  I. For an order awarding EMG its costs of court; and

  J. For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED: November 20, 2012

**OF COUNSEL:**

Jeffer Mangels Butler and Mitchell, LLP

    Stanley M. Gibson
    (Cal. Bar No. 162329)
    *smg@jmbm.com*

    Gregory S. Cordrey
    (Cal. Bar No. 190144)
    *gxc@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com